IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| STEPHANIE CHAPMAN, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES OF AMERICA ) <br> ) <br> Respondent. ) <br> ) | Criminal Action No. 1:13-cr-298 <br> Civil Action No. 1:15-cv-1047 |

## MEMORANDUM OPINION

This matter comes before the Court on Petitioner Stephanie Chapman's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. Chapman asserts that her sentence should be vacated because her counsel provided ineffective assistance. For the reasons set forth below, the resolution of the Motion turns on an evidentiary issue. The Court will, therefore, hold an evidentiary hearing to resolve this issue and will issue a final Order on this Motion after that hearing has been held.

### I. Background

On October 17, 2013, a jury found Chapman guilty of Conspiracy to Commit Sex Trafficking of a Child (18 U.S.C. § 1594(c)); Sex Trafficking of a Child (18 U.S.C. § 1591(a)); and Interstate Transportation of a Minor for Purposes of Prostitution (18 U.S.C. § 2423(a)).[1] Chapman decided to testify at trial. During her testimony she admitted many of the essential facts necessary to support her conviction and corroborated much of the evidence presented by the government. Chapman's testimony also contained numerous false exculpatory statements.

---

[1] A detailed account of the facts supporting this conviction is set forth in the government's brief. Dkt. No. 98. The Court accepts this account in full.

1

On January 24, 2014, this Court sentenced Chapman to eleven years imprisonment. Chapman, through her counsel, Alfred Lincoln Robertson, Jr., appealed her conviction to the Fourth Circuit Court of Appeals, raising two arguments: (1) Sufficiency of the Evidence; and (2) the District Court's failure to give a mistake of fact instruction that defense counsel had tendered. The Fourth Circuit Court of Appeals affirmed the conviction on January 7, 2015. *United States v. Chapman*, 589 F. App'x. 159 (4th Cir. 2015) (per curiam) (unpublished). On August 17, 2015, Chapman filed the instant motion for relief under 28 U.S.C. § 2255. After obtaining an extension of time and an affidavit from defense counsel, the government filed an opposition brief on October 6, 2015. Dkt. No. 98. Chapman then filed an affidavit in support of her Motion on October 29, 2015. Dkt. No. 99.

## II. Discussion

A petitioner is entitled to relief under 28 U.S.C. § 2255 if she demonstrates either: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the sentencing court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255. When considering a § 2255 motion, a federal court "must hold an evidentiary hearing when the petitioner alleges facts which, if true, would entitle her to relief." *United States v. Magini*, 973 F.2d 261, 264 (4th Cir. 1992).

Claims of ineffective assistance of counsel are properly brought in a § 2255 motion. *United States v. King*, 119 F.3d 290, 295 (4th Cir.1997). In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court articulated a two-part standard for evaluating claims of ineffective assistance of counsel. The first prong of the *Strickland* test requires a showing that counsel failed to provide reasonably effective assistance; that is, that counsel's conduct fell

2

below an objective standard of reasonableness in light of the circumstances at the time. *Id.* at 687-88, 690. There is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. The second prong requires the defendant to show prejudice. *Id.* at 694. Under this prong, the petitioner must "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* The burden of proving both prongs is on the petitioner who seeks to challenge the conviction, *id.* at 696-97, and the petitioner must prove both prongs by a preponderance of the evidence. *Berry v. United States*, 884 F. Supp. 2d 453, 457 (E.D. Va. 2012).

Chapman claims that her counsel provided ineffective assistance at both trial and on appeal. Chapman asserts that at trial, her attorney failed to (1) properly prepare her case; (2) interview all witnesses before trial and at trial; (3) present exculpatory evidence on her behalf; (4) properly advise as to options in taking a plea bargain; and (5) have her psychiatrically evaluated. Chapman claims that her attorney ineffectively pursued her appeal because he failed to (1) preserve all objections at trial; (2) raise all potentially appealable issues at the time of filing her appeal; and (3) completely brief all appealable issues. Chapman's initial motion provides no details to support any of these claims. Chapman's reply brief, however, contests several points raised by the government.

*A. Whether Defense Counsel Provided Ineffective Assistance at Trial*

<u>(1) Whether Counsel Interviewed All Witnesses Before and During Trial[2]</u>

Petitioner argues that defense counsel was ineffective for failing to interview all witnesses before and during trial. The only witness that Petition identifies that defense counsel should have interviewed is a tow truck driver that towed her car on the day she was arrested. According to Petitioner, on the day of her arrest, March 12, 2013, her vehicle broke down around 7:30 a.m. while she was driving the son of her co-defendant, Ronnie Holmes, to school. A tow truck driver picked up the vehicle around 10:00 or 11:00 a.m. and kept the vehicle until around 4:00 p.m. Petitioner contends that the tow truck driver could have testified that the victim in this case was not in the car when it was picked up. Further, Petitioner contests that because the vehicle was kept by the tow truck driver until 4:00 p.m., she had no way of picking the victim up that day.

The facts asserted by Petitioner do not contradict any evidence presented at trial. The fact that Chapman's car was towed on the day of her arrest was discussed at trial. Evidence was presented that Chapman's green Ford Explorer was towed to the Southern Motel on March 12, 2013, after it had broken down on Interstate 495. *See, e.g.*, Trial Trans. Vol. 1, Dkt. No. 80, at 32-33. Further, no evidence was ever presented that the victim was present in the car when it broke down or that Chapman picked the victim up that day.

Petitioner also does not explain how any of these facts would affect the outcome of her trial. The government proved beyond a reasonable doubt the essential elements of each of the three offenses Chapman was convicted of through the testimony of over ten witnesses and many

---

[2] Petitioner first asserts that defense counsel was ineffective because he failed to prepare for trial. However, she has not explained how defense counsel, in general, failed to prepare for trial. Petitioner does identify failures of defense counsel that fall under the other, more specific arguments she raises. Thus, the Court will address defense counsel's failure to prepare for trial within the context of these more specific arguments.

exhibits. Chapman herself, who decided to testify, corroborated much of the government's evidence. Chapman has not identified which element of which offense the tow truck driver's testimony would disprove. Accordingly, the Court finds that even if defense counsel had interviewed the tow truck driver and presented his testimony at trial, it would not have changed the outcome of the trial. Petitioner has, therefore, failed to prove prejudice. Plaintiff also has not explained why defense counsel's failure to investigated or present the tow truck driver at trial was unreasonable, considering the insignificance of this testimony, as explained above.

Because neither element of the *Strickland* test has been met, the Court declines to find defense counsel was ineffective for failing to interview all witnesses before and during trial.

### (2) Failure to Present Exculpatory Evidence

Petitioner next argues that defense counsel was ineffective for failing to present exculpatory evidence. The only additional evidence Petitioner has argued should have been presented is evidence that the victim spent time outside of her presence or the presence of her co-Defendant Holmes. Petitioner argues that this evidence shows that she did not use "force, threat, or hostage tactics" to control the victim.

Again, this evidence does not contradict any evidence presented at trial. The victim testified that she was not always with Chapman and Holmes. Specifically, on the day Petitioner was arrested, the victim left the hotel, where the three were staying, by herself to go to McDonalds. The victim later returned to the hotel by herself using both the metro rail and bus. Second, this information does not change the outcome of her case. None of the crimes Petitioner was convicted of required a showing that "force, threat, or hostage tactics" was used. Thus, even if defense counsel had presented this evidence, Petitioner still would have been convicted of all three offenses. Accordingly, Petitioner has again failed to demonstrate prejudice. Petitioner has

also failed to demonstrate that counsel's decision not to present this evidence was unreasonable, considering the inapplicability of the evidence.

As Petitioner has failed to demonstrate either of the *Strickland* prongs, the Court declines to find defense counsel was ineffective for failing to present this evidence.

### (3) Failure to Properly Advise Petitioner on Plea Bargain Options

Petitioner next argues that defense counsel failed to advise her regarding her plea bargain options. She maintains that two to three days prior to trial she told her counsel that she wanted to take a plea bargain when he visited her at the Alexandria Virginia Federal Holding Facility. According to Petitioner, defense counsel did not show her the plea bargain and responded by saying, "[n]o your [sic] not serious about the plea, besides your [sic] going home in a few days after trial."

In contrast, defense counsel Alfred Robertson filed an affidavit stating that he advised Chapman extensively regarding a plea bargain. Robertson maintains that on multiple occasions he discussed the government's proposed plea documents with Petitioner. He explained the Sentencing Guidelines and the potential sentences she would likely receive if she pleaded guilty or if she went to trial. Robertson also arranged a meeting between Chapman and the government attorneys, during which the government showed Chapman all of the evidence they would be presenting against her, explained the advantages of pleading guilty, and gave her an estimated sentence if she pleaded guilty or if she went to trial. After this meeting, Robertson sent a letter to Chapman reviewing these options again and advising her to accept the plea agreement. Despite this advisement, Robertson maintains, Chapman decided to proceed to trial.

It is not clear from the evidence before the Court what exactly happened after Robertson and the government fully explained the plea agreement to Chapman. It appears that Chapman

fully understood the plea agreement and the implications of proceeding to trial and that she initially decided to decline the plea agreement. However, Chapman alleges that she subsequently changed her mind. This presents a factual dispute between the parties that requires an evidentiary hearing. In considering a § 2255 motion, an evidentiary hearing is necessary if the petitioner presents "a colorable Sixth Amendment claim" and if "material facts are in dispute involving inconsistencies beyond the record." *United States v. Magini*, 973 F.2d 261, 264 (4th Cir. 1992). Petitioner has alleged a colorable Sixth Amendment claim. First, it would have been objectively unreasonable conduct for Robertson to disregard Petitioner's request to take a plea agreement. Second, the Court can infer from Petitioner's affidavit that she would have taken the offered plea agreement. This in itself demonstrates prejudice as Petitioner would have received a lesser sentence had she taken the plea agreement instead of proceeding to trial. Because Petitioner has stated a colorable Sixth Amendment claim that turns on a factual dispute,[3] the Court shall hold an evidentiary hearing to resolve this issue.

### (4) Failure to Have Petitioner Psychiatrically Evaluated

Petitioner next argues that defense counsel was ineffective in failing to have her psychiatrically evaluated. However, Petitioner has not explained why she should have been evaluated. She does not allege that she is or was insane or explain how a psychiatric evaluation would have affected the outcome of her case. With this information lacking, Petitioner has not established that she suffered prejudice because defense counsel did not have her evaluated.

In contrast, Robertson maintains that he discussed with Petitioner that she had suffered a traumatic sexual assault, but that her trauma did not rise to the level of insanity required for an insanity defense. Robertson further asserts that he found Petitioner "lucid and rational." In light

---

[3] The Court notes that Petitioner did not raise this argument specifically until her reply brief. The Court grants an evidentiary hearing rather than requesting additional briefing because this presents a factual dispute that the Court can only be resolve through a hearing in which the credibility of witnesses can be determined.

7

of this evidence, the Court also finds that it was reasonable for defense counsel to forgo having Petitioner psychiatrically evaluated.

Finding prejudice lacking and finding Robertson's actions reasonable, the Court declines to find Robertson provided ineffective assistance when he decided not to have Petitioner psychiatrically evaluated.

### B. Whether Defense Counsel Provided Ineffective Assistance on Appeal

Chapman next claims that her attorney ineffectively pursued her appeal because he failed to (1) preserve all objections at trial; (2) raise all potentially appealable issues at the time of filing her appeal; and (3) completely brief all appealable issues. Petitioner has provided no details or facts to support these assertions. Petitioner has not identified a single meritorious objection that Robertson has failed to preserve at trial, appeal, or brief. Robertson alleges that he carefully reviewed the trial record and found just two issues upon which an appeal was appropriate. He brought those two issues to the Fourth Circuit where he zealously argued them. With only conclusory arguments before it and without any factual allegations to support them, the Court has no basis upon which to find the two *Strickland* prongs have been satisfied. Accordingly, the Court must dismiss all of Petitioners allegations that defense counsel ineffectively pursued her appeal.

### III. Conclusion

As outlined above, almost all of Petitioner's allegations of ineffective assistance are conclusory and entirely unfounded. Nevertheless, there is one factual dispute—whether Robertson disregarded Petitioner's request to take a plea deal just before trial—which the Court can only resolve after an evidentiary hearing. The Court will, therefore, hold a hearing on this issue and this issue alone.

An appropriate issue Order will issue regarding the scheduling of this hearing.

The Court will issue its final Order on this Motion after it has resolved this factual dispute.

April 11, 2016
Alexandria, VA

/s/
Liam O'Grady
United States District Judge

9